

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
BROOKFIELD PLACE, 200 VESEY STREET, SUITE 400
NEW YORK, NY 10281-1022

NEW YORK
REGIONAL OFFICE

June 24, 2020

**VIA ECF**

The Honorable John G. Koeltl
United States District Judge
Southern District of New York
500 Pearl Street, Room 14A
New York, New York 10007

    Re:    <u>Securities and Exchange Commission v. Sadleir,</u> 20-cv-3997 (JGK)

Dear Judge Koeltl:

Plaintiff Securities and Exchange Commission (the "SEC") respectfully writes to inform the Court that the SEC intends to continue investigating conduct related or potentially related to conduct alleged in this action by certain individuals and entities *not* party to this action, including by issuing investigative subpoenas for documents and testimony to such non-parties.

Pursuant to Section 20(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77t(a)] and Section 21(a) of the Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78u(a)], the SEC has independent investigative authority, including administrative subpoena powers, to conduct investigations of potential violations of the federal securities laws. The Second Circuit and district courts in this and other Circuits have long recognized that an administrative agency may use its independent subpoena power to investigate individuals and entities while litigation is pending, at least where—as here—the agency is not using extra-judicial means to investigate the allegations in the pending litigation. *See, e.g., Bowles v. Bay of N.Y. Coal & Supply Corp.*, 152 F.2d 330, 331 (2d Cir. 1945) (noting the "settled" principle that "the rules of civil procedure do not apply to restrict or control administrative subpoenas"); *SEC v. F.N. Wolf & Co., Inc.*, No. 93 Civ. 0379 (LLS), 1993 WL 568717, at *2 (S.D.N.Y. Dec. 14, 1993) ("[The Commission's] institution of civil litigation did not shrink the scope of the investigative resources available to the SEC, nor limit its use of information obtained from those resources to purposes other than litigation."); *SEC v. Life Partners Holdings, Inc.*, No. 12-cv-00033-JRN, 2012 WL 12850253, at *2 (W.D. Tex. Aug. 17, 2012) (concluding that the Commission "is not bound by the FRCP when investigating potential securities-law violations pursuant to its investigatory power" but that investigative testimony taken without leave of court violated the Federal Rules of Civil Procedure when "not taken for the sole purpose of investigating violations not alleged in the [c]omplaint"); *cf. FTC v. Waltham Watch Co.*, 169 F. Supp. 614, 620 (S.D.N.Y. 1959).

The SEC's continuing investigation will be non-public.  The SEC will appropriately disclose to Defendant any documents and testimony obtained through its continuing investigation that are subject to disclosure pursuant to Federal Rule of Civil Procedure 26.

                        Respectfully submitted,

                        /s/ Dugan Bliss

                        Dugan Bliss

cc:  Defendant William Sadleir (by overnight delivery)